IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, #A0721079, | ) | CIV. NO. 14-00098 SOM/BMK |
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| BERT SAM FONG, et al., | ) ) | |
| Defendants. | ) ) | |

## **ORDER DENYING MOTION FOR RECONSIDERATION**

On February 27, 2014, Plaintiff commenced this action by filing a "Notice of Removal," seeking to remove his civil complaint from the Circuit Court for the Second Circuit, State of Hawaii to this court.[1] *See* "Notice of Removal," Doc. No. 1; Compl., Doc. No. 1-1; *see also Grindling v. Fong*, 2CC13-1-001116 (Haw. 2d Cir. Ct., filed Dec. 27, 2013), avail. at: Hawai`i State Judiciary's Public Access to Court Information, Ho`ohiki, http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm.

On March 4, 2014, the court remanded the matter to the Hawaii circuit court, finding that Plaintiff misunderstood the removal procedure set forth under 28 U.S.C. § 1441. *See* Order, Doc. No. 4. The court explained that a plaintiff who initiates an action in state court may not remove that action to federal court. *See* 28 U.S.C. § 1441(a) (an action "may be removed by the

---

[1] Plaintiff is incarcerated at the Maui Community Correctional Center ("MCCC").

defendant or the defendants"); *see also Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *Thomas v. Advance Housing, Inc.*, 475 Fed. Appx. 405, 407 (3d Cir. Apr. 3, 2012); *Lawrence v. Sec'y of State*, 467 Fed. Appx. 523, 524 (7th Cir. May 3, 2012).

Plaintiff now moves for reconsideration. He argues that, notwithstanding his Notice of Removal and declarations to the contrary, he did not intend to remove his case from the Hawaii state court. Rather, he claims that his state court action was stricken by the state court because he has been deemed a vexatious litigant in Hawaii. He argues that he was not, therefore, removing the action to this court, but was initiating an action in federal court. *See* Pl.'s Ex. A, Doc. No. 7-1. In the alternative, Plaintiff asserts that he has the right to maintain a "bifurcated" action in the state and federal courts and may "simultaneously file his suit in both state and federal court." Mot., Doc. No. 7 at PageID #28.

## I. **LEGAL STANDARD**

Because the time has passed for altering or amending the judgment under Rule 59 of the Federal Rules of Civil Procedure, the court construes Plaintiff's motion for reconsideration as brought under Rule 60. Rule 60(b) provides relief from a final judgment for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that . . . could not have been discovered in time to move for a

new trial under Rule 59(b); (3) fraud []; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60. Relief under Rule 60(b)(6) is granted "sparingly as an equitable remedy to prevent manifest injustice and . . . only where extraordinary circumstances prevent a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party must demonstrate both injury and circumstances beyond his control. *Id.*

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). Disagreement with a previous order is an insufficient basis for reconsideration and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Hawaii Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound

discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

### III. DISCUSSION

Plaintiff presents no basis for reconsideration under sections two through six of Rule 60(b). The court therefore reviews Plaintiff's Motion under Rule 60(b)(1), which allows a court to correct its own errors of law or other mistakes. *Fid. Fed. Bank FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

Plaintiff initially argues that he intended to commence an action in federal court when he filed his Notice of Removal, not remove his civil rights case from the Hawaii court. This allegation is contradicted by the plain language of his Notice, in which he states, "Comes now Plaintiff Chris Grindling Herein Give This Court Notice of His Intent to Remove This Case from Circuit Court State of Hawaii to U.S. District Court." Doc. No. 1. This court accepted Plaintiff's Notice as written and reviewed his documents as seeking removal from the State court pursuant to 28 U.S.C. § 1441.

Plaintiff has also filed many federal actions, in this court, in the District of Arizona, and in the Ninth Circuit Court

4

of Appeals.  *See, e.g.*, *Grindling v. Hawaii*, App. Ct. No. 10-15010 (9th Cir. 2010); *Grindling v. Jinbo*, Civ. No. 1:12-cv-00361 (D. Haw. 2012) (listing Plaintiff's strikes); *Grindling v. Hawaii*, Civ. No. 1:09-cv-00536 (D. Haw. 2009); *Grindling v. Thomas*, Civ. No. 2:09-cv-2395 (D. Ariz. 2009).  His ability to properly file and prosecute these cases and many others proves that Plaintiff knows how to open an action in the federal court if that is his intent.

Importantly, Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), and is aware of this restriction on his ability to proceed in forma pauperis.  *See, e.g.*, *Grindling v. Jinbo*, Civ. No. 1:12-cv-00361 (D. Haw. 2012 (listing his cases and notifying Plaintiff of his strikes).  A more likely explanation for his attempt to remove his state case to this court is that he sought to avoid § 1915(g)'s bar to his proceeding in forma pauperis.  Further, when Plaintiff removed his action to this court, he did not submit either an in forma pauperis application or the filing fee (although he submitted partial payment several weeks later).

Plaintiff also claims that his state court action had been stricken before he filed this action; he implies that this proves that he intended to commence a new action in this court.  This allegation is patently false.  Publicly available state court records show that *Grindling v. Fong*, 2CC13-1-001116,

remains pending in the state court.  *See* Ho'ohiki, avail. at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki.  As of May 13, 2014, Plaintiff is still awaiting disposition of his "Motion for Prefiling Order," in 2CC13-1-001116, which will determine whether he can proceed despite his vexatious litigant status.  The only document stricken from Plaintiff's state case is his "Return of Service and Supplement to Complaint That Was Served With Complaint."  *Id.*, Doc. Nos. 3-4 (stricken February 14, 2014).

Moreover, Plaintiff's Notice of Removal is dated February 18, 2014, only one business day after his document was stricken in  2CC13-1-001116.[2]  This suggests that Plaintiff was attempting to remove his action from the state court before his Motion for Prefiling Order could be either similarly stricken or denied.

Plaintiff provides no persuasive reasons for reconsideration of the Order of Remand in this case, and his Motion for Reconsideration is DENIED.  Plaintiff may, of course, commence a federal action by filing a civil rights complaint.  If he files a complaint while a prisoner, however, he must concurrently submit the full civil filing fees or an in forma pauperis application.  And, to be granted in forma pauperis

---

[2] February 14, 2014, was a Friday, and February 17, 2014, was President's Day.

status, he must plausibly allege imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 15, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grindling v. Fong, et al.*, 1:14-cv-00098 SOM/BMK; psa/recon/2014/Grindling 14-98 (recon after remand); J:\Denise's Draft Orders\SOM\Grindling 14-98 som (recon of remand).wpd