```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

CHRIS GRINDLING, #A0721079, )     CIV. NO. 14-00098 SOM/BMK
                            )
              Plaintiff,    )     ORDER RE: MOTION TO BIFURCATE
                            )
      vs.                   )
                            )
BERT SAM FONG, et al.,      )
                            )
              Defendants.   )
_____)
```

## ORDER RE: MOTION TO BIFURCATE

On February 27, 2014, Plaintiff commenced this action by filing a "Notice of Removal." Doc. No. 1. On March 4, 2014, the court remanded the action to the Circuit Court of the Second Circuit, State of Hawaii ("circuit court"), after determining that Plaintiff had improperly removed his own action from the state to the federal court. *See* Order of Remand, Doc. No. 4; *see also* 28 U.S.C. § 1441(a). The action was terminated.

More than two months later, Plaintiff sought reconsideration, Doc. No. 7, and then clarification, Doc. No. 11, of the decisions to remand this case and to credit his civil fee payment, which was received after this action was remanded, to this case. The court carefully considered Plaintiff's motions, and, in the course of denying reconsideration, thoroughly explained the basis for remanding this action and for accepting and crediting his civil fee partial payment to the present case. *See* Doc. Nos. 8 and 13.

Before the court is Plaintiff's Motion to Bifurcate. Doc. No. 12. The court reads Plaintiff's Motion as seeking to reopen this terminated action by "bifurcating" Plaintiff's federal claims from his state circuit action to this court, and proceeding concurrently with proceedings in state and federal court. Plaintiff appears to be trying to avoid incurring additional filing fees by commencing a new case.

The case Plaintiff cites, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 122 (1984), does not support Plaintiff's proposition. Rather, in *Pennhurst*, the Supreme Court held that the Eleventh Amendment prohibits suits brought against a State in federal court, and observed that its holding might result in bifurcation of certain state claims from actions that were otherwise properly brought in a federal court. *Id.* (holding further that this principle applies equally to state-law claims alleged against the State that are brought into federal court under pendent jurisdiction). Because that holding is premised on the existence of state claims that are otherwise properly before a federal court, it is inapplicable to this action, in which no claims were ever properly before this court. There are no claims here to "bifurcate." Plaintiff's Motion is DENIED for the reasons set forth in this court's Order Denying Reconsideration, Doc. No. 8, and Order Re: Clarification, Doc. No. 11.

Plaintiff may commence a new action in this court if he chooses. As *Pennhurst* indicates, nothing prevents a party from pursuing concurrent actions in the state and federal courts. *See* 465 U.S. at 122 ("It may be that applying the Eleventh Amendment to pendent claims results in federal claims being brought in state court, or in bifurcation of claims. That is not uncommon in this area."). To file a new action in this court stating his federal claims, Plaintiff must use the court's prisoner civil rights complaint form and concurrently pay the civil filing fees or submit an in forma pauperis application. Because he is a prisoner, the court will then screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a).

Plaintiff's Motion to Bifurcate is DENIED. The Clerk of Court is DIRECTED to send Plaintiff a copy of the court's prisoner civil rights complaint and in forma pauperis application forms and instructions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 2, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grindling v. Fong, et al.*, 1:14-cv-00098 SOM/BMK; dmp/ords 2014 Grindling 14-98 (bifurcate); J:\Denise's Draft Orders\SOM\Grindling 14-98 som (re M to Bifurcate).wpd